AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

**Central** District of **Illinois**

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| TYRON THOMAS | Case Number: 06-20032-004 |
| | USM Number: 14386-026 |
| | James C. Dedman |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1, 6, 7, 8, 9 and 10  (Count 10 dismissed at sentencing)

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Armed Bank Robbery, To Commit Robbery and to Carry and Use a Firearm During and in Relation to, and to Possess a Firearm in Furtherance of, a Crime of Violence | 4/24/2006 | 1 |

   The defendant is sentenced as provided in pages 2 through __8__ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  10  ☑ is  ☐ are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/13/2007
Date of Imposition of Judgment

s/  Michael P. McCuskey
Signature of Judge

MICHAEL P. McCUSKEY   Chief U.S. District Judge
Name and Title of Judge

3/14/2007
Date

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
          Sheet 1A

Judgment—Page 2 of 8

DEFENDANT: TYRON THOMAS
CASE NUMBER: 06-20032-004

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. § 1951 and 2 | Armed Robbery | 3/28/2006 | 6 |
| 18 U.S.C. § 924(c) | Carrying and Using a Firearm During a Crime of Violence | 3/28/2006 | 7 |
| 18 U.S.C. § 2113(a)&(d) | Armed Bank Robbery | 4/24/2006 | 8 |
| 18 U.S.C. § 924(c) | Carrying and Using a Firearm During a Crime of Violence | 4/24/2006 | 9 |

AO 245B    (Rev. 12/03) Judgment in Criminal Case
    Sheet 2 — Imprisonment

Judgment — Page  3  of  8

DEFENDANT: TYRON THOMAS
CASE NUMBER: 06-20032-004

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

444 months. Said term shall consist of 60 months on Count 1, 135 months on each of Counts 6 and 8, all to be served concurrently; followed by 120 months on Count 7, to run consecutively to imprisonment on Counts 1, 6 and 8; and followed by 189 months on Count 9, to run consecutively to imprisonment on Count 7 and all other counts.

☑ The court makes the following recommendations to the Bureau of Prisons:

1. The Court recommends to the Bureau of Prisons that defendant be housed in the Midwest to facilitate visitation.
2. The Court finds the defendant is an addict and, therefore, recommends to the Bureau of Prisons that the defendant receive maximum drug and alcohol rehabilitation.
3. The Court directs the BOP to not house the defendant, Tyron Thomas with his co-defendants Brad O. Williams (01), Seville Williams (02), , Clinton Williams (03), and Rory Tucker (05).

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before    p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page **4** of **8**

DEFENDANT: TYRON THOMAS
CASE NUMBER: 06-20032-004

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

five (5) years. This term shall consist of three (3) years on each of Counts 1 and 6, and five (5) years on Counts 7, 8 and 9, all to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from ☐ excessive ☒ any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TYRON THOMAS
CASE NUMBER: 06-20032-004

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall not incur any new debts or open any additional lines of credit in excess of $300 without prior approval of the probation officer.

2. You shall provide the probation officer access to any requested financial information including both your business and personal income tax returns.

3. You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. You shall, at the direction of the probation office, participate in a program for substance abuse treatment, including not more than six tests per month to determine whether you have used controlled substances and/or alcohol. You shall pay for these services as directed by the probation officer.

4. You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

DEFENDANT: TYRON THOMAS
CASE NUMBER: 06-20032-004

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 500.00       | $ 0.00   | $ 103,160.53    |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Heights Finance Corporation<br>1015 North 5th Avenue<br>Kankakee, IL | $232.00 | $232.00 | |
| First Community Bank and Trust<br>650 Wilmington Road<br>Peotone, IL | $102,928.53 | $102,928.53 | |
| **TOTALS** | $ 103,160.53 | $ 103,160.53 | |

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑   the interest requirement is waived for the   ☐ fine   ☑ restitution.

  ☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __7__ of __8__

DEFENDANT: TYRON THOMAS
CASE NUMBER: 06-20032-004

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

    During incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25, if working non-UNICOR, or a minimum of 50 percent of monthly earnings, if working in UNICOR, whichever is greater. Upon release from imprisonment, the defendant shall make monthly payments at a rate of at least 50 percent of his disposable income per month during the entire term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

See page 8.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:  TYRON THOMAS
CASE NUMBER:  06-20032-004

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, If appropriate |
|---|---|---|---|
| 06-20032-004  Tyron Thomas<br>06-20032-001  Brad O. Williams<br>06-20032-006  Marion Jefferson III | $232.00 | $232.00 | Heights Finance Corporation<br>1015 North 5th Avenue<br>Kankakee, IL |
| 06-20032-004  Tyron Thomas<br>06-20032-001  Brad O. Williams<br>06-20032-003  Clinton Williams<br>06-20032-006  Marion Jefferson III | $102,928.53 | $102,928.53 | First Community Bank and Trust<br>650 Wilmington Road<br>Peotone, IL |